IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACEY L. MCKINNEY | : | CIVIL ACTION |
| | : | |
| v. | : | No. 11-4188 |
| | : | |
| LOUIS GIORLA, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                     **April 30, 2012**

      Pro se Plaintiff Tracey McKinney brings this action pursuant to 42 U.S.C. § 1983 seeking damages for several alleged violations of his constitutional rights during his incarceration in the Philadelphia Industrial Correctional Center (PICC).[1] McKinney alleges Defendant Lieutenant Murray, a PICC unit manager, violated his Fourteenth Amendment due process rights by disposing of property Murray had promised to store for McKinney while McKinney was in federal custody for sentencing in federal court. McKinney brings Eighth Amendment claims against the remaining Defendants. He alleges Defendants Prison Health Services and Dr. Sagreiya Siddharth were deliberately indifferent to his serious medical needs by failing to address the severe side effects he experienced from his prescribed blood pressure medication. He alleges Defendants Aramark Correctional Services, LLC (misidentified in the Complaint as Aramark Food Services) and Loraela Pittman, PICC's kitchen supervisor, violated his Eighth Amendment rights by serving him a lunch contaminated with mouse droppings. Finally, he seeks to hold Defendants Louis Giorla, the Commissioner of the Philadelphia Prison System, and William Lawton, PICC's Warden, liable for failing to repair the security cameras in the prison yard and the light in McKinney's cell.

      Aramark and Pittman have filed a motion to dismiss McKinney's claims against them, to

---

[1] After he filed this action, McKinney was transferred to a federal prison in New York City. He has since been released and currently resides in Philadelphia.

which McKinney has not responded.[2]  While several Defendants have answered McKinney's Complaint, this Court has an obligation to dismiss a complaint by a plaintiff proceeding *in forma pauperis* if the Court at any time determines the complaint fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 28 U.S.C. § 1915A (directing courts to screen civil complaints in which prisoners seek redress from governmental entities, officers, or employees, and to dismiss complaints, or portions thereof, that fail to state a claim upon which relief may be granted).  Upon review, this Court concludes several of McKinney's claims should be dismissed pursuant to § 1915(e)(2)(B)(ii) and § 1915A.  For the reasons set forth below, this Court will grant Aramark and Pittman's motion and will also dismiss McKinney's claims against Murray and Giorla.

**FACTS**[3]

McKinney was incarcerated at PICC beginning in March 2009.  In December 2010, McKinney was transferred to federal prison in connection with a federal court sentencing.  Before he left PICC, McKinney asked Lieutenant Murray to store his property for him, explaining he would

---

[2] McKinney did not respond to Aramark's original motion to dismiss, which was filed on behalf of Aramark only, within the time permitted by Local Civil Rule 7.1.  Because it was not clear whether McKinney had received the motion, as he had been transferred to federal prison in October 2011, around the time the motion was filed, in November 2011, this Court issued an order directing the Clerk of Court to send the motion to McKinney at his new address and giving McKinney an additional 30 days in which to respond.  Although McKinney subsequently requested an extension of the time to respond until February 5, 2012, he did not thereafter submit a response within the requested extension period.  In March 2012, Aramark amended its motion to dismiss to encompass the Eighth Amendment claim against Pittman, having determined Pittman is an Aramark employee.  The amended motion seeks dismissal of the claim against Pittman on the same grounds asserted in Aramark's original motion to dismiss.

[3] The following facts are drawn from the allegations of McKinney's Complaint, which this Court must accept as true in evaluating a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Because Prison Health Services and Dr. Siddharth have not sought dismissal of McKinney's Eighth Amendment denial of medical care claim against them, and because that claim is not dismissed pursuant to 28 U.S.C. § 1915(e)(2), the facts underlying the claim are not discussed herein.

be returning to PICC. Lieutenant Murray agreed to do so, and McKinney and Murray together inventoried McKinney's property. When McKinney returned from federal prison in March 2011 and requested his property, however, another correctional officer informed him the property was gone. McKinney thereafter spoke with Murray, who told McKinney he gave the property away because he did not think McKinney was coming back. McKinney filed a grievance noting his loss, but he had not received a response as of the date he filed this action, some two-and-a-half months later.

Also in March 2011, the light in McKinney's cell went out, preventing him from reading and writing at night. McKinney reported the problem to a correctional officer, who said she would put in a work order, and he also filed a grievance about the light, but the problem was never corrected. Moreover, in June 2011, a correctional officer denied McKinney's oral request to move to an open cell with a working light on his cell block.

In April 2011, McKinney filed a grievance about the security cameras in the yard of his cell block. McKinney believed the cameras did not work because whenever there was a fight in the yard, correctional staff would ask the inmates what happened, which, he reasoned, they would not need to do if the cameras were working. The lack of functioning cameras made McKinney afraid to go in the yard during recreation for fear of being stabbed or jumped.

Also in April 2011, while McKinney was still incarcerated at PICC, he was served a lunch of "cold pack" (i.e., salami and pasta) in his cell. McKinney's food contained mouse droppings, but because he was engaged in conversation with his cellmate at the time, McKinney did not notice the droppings until after he had eaten some of them. McKinney reported the contamination to a correctional officer, who called the medical department. Correctional staff eventually escorted McKinney to the medical department, where he showed his food tray to medical staff who confirmed

there were mouse droppings in the food.  Two Aramark workers also confirmed the food contained mouse droppings.  The medical staff instructed McKinney just to drink water and told him there was nothing they could do for him.

In June 2011, McKinney commenced the instant § 1983 action by filing a motion to proceed *in forma pauperis*.  McKinney's Complaint was filed in July 2011, after this Court granted his corrected *in forma pauperis* application.[4]  McKinney alleges Lieutenant Murray violated his due process rights by disposing of his property.  He seeks to hold Aramark and Pittman liable for violating his Eighth Amendment rights by serving him contaminated food, alleging Aramark is responsible for the distribution and cleanliness of food and trays at PICC and Pittman, the supervisor of PICC's kitchen, is responsible for all trays that leave the kitchen.  Finally, McKinney seeks to hold Giorla and Lawton liable for providing inadequate light in his cell and for not repairing the cameras in his cell block's yard.  McKinney seeks compensatory and punitive damages against all Defendants.[5]

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915(e)(2), if a court at any time determines a complaint filed by a person proceeding *in forma pauperis* fails to state a claim on which relief may be granted, "the court shall dismiss the case."  *Id.* § 1915(e)(2)(B)(ii).  Similarly, 28 U.S.C. § 1915A directs the district courts to screen civil complaints filed by prisoners against governmental entities, officers, and

---

[4] McKinney's Complaint has two parts: a completed form prisoner complaint under 42 U.S.C. § 1983 and a typewritten complaint appended thereto.  The form complaint will be cited herein as "Form Compl.," and the typewritten complaint will be cited as "Compl."

[5] Although the Complaint references injunctive relief in its "Preliminary Statement," Compl. § I, McKinney seeks only compensatory and punitive damages in its requests for relief, Form Compl. V; Compl. § VIII.

employees, and to dismiss any portion of a complaint that fails to state a claim upon which relief may be granted. In determining whether a complaint should be dismissed for failure to state a claim pursuant to § 1915(e)(2) or § 1915A, a court applies the same standard applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (addressing § 1915A); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000) (addressing § 1915(e)(2)(B)(ii)). Thus, the court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of the complaint, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court must then determine whether the facts alleged are sufficient to "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). Where, as here, the plaintiff is proceeding pro se, "the court has an obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

With regard to McKinney's claim against Lieutenant Murray, "[a] prisoner's due process claim based on random and unauthorized deprivation of property by a state actor is not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is no adequate post-deprivation remedy available." *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (citing *Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *overrruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986), and *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). A prison grievance system may provide a constitutionally adequate post-deprivation remedy. *See, e.g.*, *Mattis*

*v. Dohman*, 260 F. App'x 458, 461 (3d Cir. 2008) (affirming dismissal of prisoner's claim for deprivation of property without due process, where prisoner had a sufficient post-deprivation remedy in the form of the Pennsylvania state prison system's internal grievance procedure); *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (holding a prison grievance program which "allowed prisoners to complain about 'any' matter that is 'unjust,' and . . . also provided for direct appeal to the warden" was an adequate post-deprivation remedy). Similarly, the availability of a state law tort action may also provide a remedy sufficient to satisfy due process. *See, e.g.*, *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (holding Pennsylvania Tort Claims Act provided an adequate post-deprivation remedy for willful deprivation of property without due process); *Mattis*, 260 F. App'x at 461 (upholding dismissal of a prisoner's claim for deprivation of property without due process based in part on the fact the prisoner "could also have pursued a state tort suit for conversion of property"); *Alexander*, 144 F. App'x at 925 (same).

Here, McKinney attempted to avail himself of PICC's grievance procedure, which has been held to constitute a constitutionally adequate post-deprivation remedy. *See Tinsley v. Giorla*, No. 05-2777, 2008 WL 901697, at *2-3, *10 (E.D. Pa. Apr. 1, 2008) (summarizing Philadelphia Prison System's grievance procedure and holding such procedure is a constitutionally adequate post-deprivation remedy). Although McKinney alleges he had not received a response to his grievance two-and-a-half months after filing it, even if this delay were sufficient to render PICC's grievance procedure inadquate, an adequate post-deprivation remedy is still available to McKinney in the form of a state tort action. *See Morales v. Beard*, No. 09-162, 2009 WL 2413425, at *2 (W.D. Pa. 2009) (holding even if prison grievance system was inadequate, prisoner still had "at least one adequate post deprivation remedy in the form of a state law tort suit"). Because McKinney has an adequate

post-deprivation remedy available to him, he cannot state a due process claim against Lieutenant Murray based on Murray's failure to safeguard his property, and his claim against Murray will therefore be dismissed. Moreover, because amendment will not cure this deficiency, the claim will be dismissed with prejudice. *See Shakur*, 421 F. App'x at 135 (holding prisoner's due process claim was properly dismissed with prejudice where an adequate post-deprivation remedy was available).

With respect to McKinney's claim against Aramark and Pittman, to establish an Eighth Amendment violation, a plaintiff must show (1) he suffered a deprivation that was "objectively, sufficiently serious," resulting in "the denial of the minimal civilized measure of life's necessities," and (2) the responsible prison official acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). McKinney's claim against these Defendants is based solely on a single instance in which they served him food contaminated with mouse droppings. McKinney does not allege he was served contaminated food on any other occasion. Such allegations, while undoubtedly upsetting, do not rise to the level of an Eighth Amendment violation. *See Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010) ("A single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected."); *Smith v. Younger*, No. 98-5482, 1999 WL 623355, at *2 (6th Cir. Aug. 9, 1999) (upholding dismissal of Eighth Amendment claim based on a single incident in which prisoner discovered a worm in her food); *Murray v. Allen*, No. 10-1014, 2010 WL 4159261, at *2 (E.D. Pa. Oct. 21, 2010) (holding prisoner's allegations regarding a single incident in which he was served a burrito containing a tooth, although "stomach churning," did not rise to the level of an Eighth Amendment violation); *Allen v. Maryland*, No. L-10-353, 2010 WL 727753, at *1 (D. Md. Feb. 25, 2010) ("To state a constitutional violation for unsanitary food

preparation an inmate must do more than allege a single incident of contamination."); *Smith-Bey v. CCA/CTF*, 703 F. Supp. 2d 1, 8 (D.D.C. 2010) (holding "two instances of discovering cockroaches in one's food do not rise to the level of a sufficiently serious deprivation" for Eighth Amendment purposes); *Seymour/Jones v. Oldt*, No. 90-1583, 1990 WL 29721, at *1 (E.D. Pa. 1990) (holding "a single unintentional instance of food poisoning, . . . though undoubtedly unpleasant, does not rise to the level of a violation of [a prisoner's] civil rights). Because the incident on which McKinney's claim against Aramark and Pittman is based does not amount to a violation of his Eighth Amendment rights as a matter of law, amendment would be futile, and his claim against these Defendants will be dismissed with prejudice.[6]

Finally, McKinney alleges Giorla and Lawton violated his Eighth Amendment rights by housing him in a cell with inadequate light for more than two-and-a-half months and by failing to fix the prison yard security cameras. Insofar as McKinney seeks to hold Giorla liable for these alleged Eighth Amendment violations, his claims fail because the Complaint does not allege Giorla was personally involved in the violations. To be liable under § 1983, a defendant "must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The requisite personal involvement "can be shown through allegations of personal direction or of actual knowledge and acquiescence"; however, such allegations "must be made with appropriate particularity." *Id.* Here, McKinney does not allege any facts from which it can plausibly be inferred

---

[6] McKinney's claim against Aramark is subject to dismissal for the additional reason that McKinney has not identified any Aramark policy that caused the alleged constitutional violation, as required to state a § 1983 claim against a corporation alleged to have acted under color of state law. *See, e.g., Jones v. Aramark Corp.*, No. 09-846, 2010 WL 180941, at *2 (D. Del. Jan. 14, 2010).

that Giorla, the Commissioner of the Philadelphia Prison System, even knew about the lighting and security camera problems alleged, much less played any role in failing to correct these problems. Rather, McKinney expressly seeks to hold Giorla liable on a *respondeat superior* theory based on his failure to ensure his "staff is operating correctly, and no prisoner[s] are neglected and their Constitutional Right[s] are not violated." Compl. ¶ 62; *see also id.* ¶ 3 (alleging Giorla has responsibility for "mak[ing] sure all rights are enforced and none are neglected"). Because § 1983 liability may not be premised on such a *respondeat superior* theory, McKinney's claims against Giorla will be dismissed without prejudice to McKinney's right to amend his Complaint to allege additional facts regarding Giorla's role.[7]

For the reasons set forth above, McKinney's Fourteenth Amendment due process claim against Lieutenant Murray and Eighth Amendment claims against Aramark and Pittman are dismissed with prejudice, and his Eighth Amendment claim against Giorla is dismissed without prejudice. McKinney's Eighth Amendment claims against Prison Health Services, Dr. Siddharth, and Lawton are not dismissed.

An appropriate order follows.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[7] While McKinney makes the same allegation about Lawton's failure to adequately supervise PICC staff to ensure prisoners' constitutional rights are not violated, *id.* ¶ 62, he also alleges Lawton, as PICC's Warden, is "responsible for handling and answering Administrative Remedies," *id.* ¶ 4, such as the grievances McKinney filed regarding the broken light in his cell and the nonfunctional yard cameras. Thus, construing the Complaint liberally in McKinney's favor, he has sufficiently alleged Lawton both knew of the challenged conditions (through McKinney's grievances) and acquiesced in them (by failing to correct them).