IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACEY MCKINNEY | : | CIVIL ACTION |
| v. | : | No. 11-4188 |
| LOUIS GIORLA, et al. | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                                   February 14, 2013

Pro se Plaintiff Tracey McKinney, a former prisoner, initiated this 42 U.S.C. § 1983 action in June 2011, seeking damages for several alleged violations of his constitutional rights during his incarceration in the Philadelphia Industrial Correctional Center (PICC). Defendant William Lawton, the Warden at PICC, has filed a motion for summary judgment as to McKinney's claims against him, to which McKinney has not responded. For the reasons set forth below, the motion will be granted.

**FACTS**[1]

McKinney's claims against Lawton concern the lack of adequate light in his cell and the lack of functioning security cameras in the prison yard.[2] While at PICC, McKinney was housed in a cell without a functioning light for more than two and a half months, preventing him from reading and writing at night. McKinney reported the problem to a correctional officer, who said she would put in a work order, and filed a grievance requesting that his light be fixed; however, the problem was not corrected. McKinney also requested to move to an open cell with a functioning light, but his

---

[1] "On a motion for summary judgment, a district court must view the facts in the light most favorable to the non-moving party and must make all reasonable inferences in that party's favor." *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005). Because McKinney has not responded to Lawton's motion, the following facts are drawn from the Complaint, the grievance forms and declarations McKinney submitted in support of his claims, and the exhibits to Lawton's motion.

[2] McKinney brought other claims against numerous other defendants in this § 1983 action; however, McKinney's claims have been dismissed as to all but one defendant, in addition to Lawton.

request was denied.

In addition, McKinney alleges the security cameras in the recreation yard did not work while he was incarcerated at PICC. McKinney believes the security cameras did not work because whenever there was a fight in the yard, prison staff would ask the inmates what happened, which, he reasons, they would not need to do if the cameras were functioning. The lack of functioning security cameras made McKinney afraid to go in the yard during recreation for fear of being stabbed or jumped. McKinney filed a grievance requesting that the prison fix the yard camera, but received no response.

McKinney appears to allege the lack of adequate light in his cell and lack of functioning security cameras in the yard violated his Eighth Amendment rights. He also alleges the lack of response to his grievances violated his due process rights under the Fourteenth Amendment. He seeks to hold Lawton liable for his failure to ensure that "staff is operating correctly, and no prisoner[s] are neglected and their Constitutional Right[s] are not violated." Compl. 15, ¶ 62.

Lawton filed the instant summary judgment motion on October 12, 2012, arguing that McKinney failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997e(a). Lawton alternatively argues summary judgment is warranted because there is no evidence he had the requisite "personal involvement" in the alleged constitutional violations. Because the Court agrees McKinney failed to properly exhausted his administrative remedies, the Court need not address Lawton's alternative basis for summary judgment.

**DISCUSSION**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"Material" facts are those facts "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Although "courts cannot grant motions for summary judgment merely because they are unopposed," *Fekade v. Lincoln Univ.*, 167 F. Supp. 2d 731, 738 (E.D. Pa. 2001) (citing E.D. Pa. Local R. Civ. P. 7.1(c)), "'[i]f the adverse party does not . . . respond, summary judgment, if appropriate, shall be entered against the adverse party,'" *S.E.C. v. J.W. Barclay & Co., Inc.*, 442 F.3d 834, 840 (3d Cir. 2006) (quoting Fed. R. Civ. P. 56(e)).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court and the Third Circuit have interpreted this provision to require prisoners to exhaust "*all* 'available' remedies." *Porter v. Nussel*, 534 U.S. 516, 524 (2002) (emphasis added); *Spruill v. Gillis*, 372 F.3d 218, 228-32 (3d Cir. 2004) (holding § 1997e(a) requires "proper exhaustion," i.e., a prisoner must "reach th[e] endpoint [of the prison grievance system] having availed himself of every process at every turn"). Although the Third Circuit has noted that "compliance with the administrative remedy scheme will be satisfactory if it is substantial," *Nyhuis v. Reno*, 204 F.3d 65, 77-78 (3d Cir. 2000), a prisoner must demonstrate the prison's administrative remedy was unavailable to "invoke [the substantial compliance] exception to the general rule requiring proper exhaustion," *McErlean v. Merline*, No. 07-5681, 2011 WL 540871, at *3 (D.N.J. Feb. 8, 2011) (citing *Oliver v. Moore*, 145

F. App'x 731, 734 (3d Cir. 2005)). "An administrative remedy may be found to be unavailable where a prisoner is prevented by prison authorities from pursuing the prison grievance process." *Oliver*, 145 F. App'x at 735.

There is conflicting evidence as to whether McKinney filed grievances regarding the malfunctioning light and non-functioning security cameras. Lawton has produced a summary of McKinney's recorded grievances, which shows no such grievances were filed. Lawton Ex. F. McKinney, however, has submitted two completed inmate grievance forms in which he complains about the light being out in his cell and the lack of a functioning security camera in the yard, though it is unclear whether McKinney appropriately filed these forms.[3] The grievance forms produced by McKinney may be sufficient to create an issue of material fact as to whether McKinney filed grievances regarding these issues. *See Matthes v. MCP Hosp. of Phila.*, No. 06-1156, 2010 WL 2348699, at *1 n.3 (E.D. Pa. June 9, 2010) (noting a dispute between prison records and a prisoner affidavit regarding the filing of grievances creates a material issue of fact). Nevertheless, because there is no evidence McKinney ever pursued either grievance beyond the first step of the PICC process, he failed to exhaust all available remedies.

The grievance procedures at PICC are outlined in Policy 3.F.10 of the Philadelphia Prisons Policies and Procedures. Lawton Ex. A. Under the Policy, grievances are initially reviewed by the Deputy Warden for Administration, who may return the grievance to the inmate, attempt to resolve the grievance himself, or distribute the grievance to the appropriate staff person for resolution. *Id.*

---

[3] In a grievance dated March 28, 2011, McKinney notes he and his cell mate "asked a number of time[s] about our light being out," but received no response, and asks that the light be fixed. In an April 10, 2011, grievance, McKinney states "the camera on H-1 yard do[es] not work and has not work[ed] for a very long time," and requests that the camera be fixed.

4

at 6. The Deputy Warden's recommended action is then subject to review by the Warden, who must approve, deny, or modify the recommended action within 14 days of receipt. *Id.* at 7. Review of a grievance by the Deputy Warden and the Warden constitutes Level I of the grievance process. An inmate who is unsatisfied with the Warden's decision may then appeal the decision to the Commissioner within five days, thereby advancing to Level II. *Id.* Significantly, the Policy permits inmates who do not receive a timely response to a grievance at one step of the process to proceed to the next level of review, providing, "[e]xpiration of a time limit at any stage of the process shall entitle the grievant to move to the next level of the process." *Id.* at 3. The Policy also provides "[i]f an inmate believes that he/she is being denied access to the grievance process (e.g. inmate grievance forms are not available at the facility), the inmate may forward his/her grievance directly to the Commissioner." *Id.* at 5.

McKinney asserts he received no response to his grievances and admits he took no steps to appeal because there was no response. Compl. 4, ¶ IV.E. Under the Policy, however, McKinney could have appealed or forwarded his grievances to the Commissioner. Because he failed to do so, McKinney has failed to exhaust his administrative remedies. *See Wilson v. Burke*, No. 09-2961, 2012 WL 4108926, at *5 (E.D. Pa. Sept. 18, 2012) (holding Philadelphia inmate failed to exhaust administrative remedies when he did not appeal to the Commissioner after his grievance went unanswered past the expiration of review time, as contemplated in Policy 3.F.10); *Harvey v. City of Phila.*, 253 F. Supp. 2d 827, 830 (E.D. Pa. 2003) (holding inmate failed to follow Philadelphia Prisons grievance procedures by forwarding a grievance to the Commissioner when his original grievance went unanswered). Nor has McKinney demonstrated substantial compliance with the PICC's grievance procedures because there is no evidence the grievance process was unavailable to him (i.e., that prison

officials prevented him from filing grievances, appealing them, or forwarding them to the Commissioner). To the contrary, McKinney's completed grievance forms demonstrate the grievance process was available to him. Because McKinney failed to exhaust all available remedies as to his claims against Lawton, summary judgment is appropriate.[4] Accordingly, Lawton's motion for summary judgment will be granted.

An appropriate order follows.

BY THE COURT:


   /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[4] Insofar as McKinney alleges the lack of response to his grievances violated his Fourteenth Amendment rights, such allegations are not actionable. *Stringer v. Bureau of Prisons*, 145 F. App'x 751, 753 (3d Cir. 2005) (holding the failure to process or respond to grievances does not violate a prisoner's right to due process).